UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARRELL CREASY, | ) |
| | ) |
| Plaintiff, | ) Case No. 08 C 6958 |
| v. | ) |
| | ) Judge William T. Hart |
| LAWRENCE DARKO, PATRICK FAHEY, JR., | ) |
| ANTHONY D. LEWIS, LOUIS K. SZUBERT, | ) Magistrate Judge Arlander Keys |
| CRAIG C. BROWNFIELD, JOHN CRUZ, | ) |
| RICHARD J. HANRAHAN, and CITY OF | ) JURY TRIAL DEMANDED |
| CHICAGO, | ) |
| | ) |
| Defendants. | ) |

**FIRST AMENDED CIVIL RIGHTS COMPLAINT**

Plaintiff, DARRELL CREASY, by and through his attorney, Irene K. Dymkar, complaining against defendants, states as follows:

**NATURE OF CLAIM**

1. This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. § 1983), to redress deprivations of the civil rights of plaintiff through acts and/or omissions of defendants committed under color of law. Specifically here, defendants deprived plaintiff of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

2. Additionally, plaintiff relies upon the Court's supplemental jurisdiction to assert the Illinois state claim of malicious prosecution.

**JURISDICTION AND VENUE**

3. Jurisdiction is based upon 28 U.S.C. §§1343, 1331, and 1367.

4. Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this district.

## PARTIES

5. At all times herein mentioned, plaintiff was and is a citizen of the United States and resides within the jurisdiction of the court.

6. At all times herein mentioned, defendants LAWRENCE DARKO, PATRICK FAHEY, JR., ANTHONY D. LEWIS, LOUIS K. SZUBERT, CRAIG C. BROWNFIELD, JOHN CRUZ, and RICHARD J. HANRAHAN were officers in the Chicago Police Department and were acting under color of state law and as the employees or agents of the City of Chicago, Illinois. Said defendants are being sued in their individual capacity.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

## STATEMENT OF FACTS

8. On September 25, 2007, plaintiff, DARRELL CREASY, was lawfully walking near 75th Street and S. Phillips Ave., in Chicago, Illinois, engaged in lawful activity.

9. Defendants LAWRENCE DARKO and PATRICK FAHEY, JR. stopped plaintiff on the 7500 block of S. Phillips, without reasonable suspicion and without legal cause. They searched him and let him go.

10. Defendants LAWRENCE DARKO and PATRICK FAHEY, JR. then stopped plaintiff again as he continued walking on the 2400 block of E. 76th Street, again without

reasonable suspicion and without legal cause. They searched him a second time, asking him this time to take off his shoes, and again they found no contraband.

11. A team of police officers, including defendants LAWRENCE DARKO, PATRICK FAHEY, JR., ANTHONY D. LEWIS, LOUIS K. SZUBERT, CRAIG C. BROWNFIELD, JOHN CRUZ, and RICHARD J. HANRAHAN arrested plaintiff, despite the fact there was no warrant for his arrest and no probable cause to believe that he had committed a crime.

12. Defendants caused false felony drug charges to be filed against plaintiff. Plaintiff was booked, processed, and formally charged with said crimes.

13. Plaintiff, DARRELL CREASY, was wrongfully incarcerated for said false criminal charges, and had to retain the services of a criminal attorney to defend him.

14. Plaintiff was released after being found not guilty after a trial of the criminal matter.

15. Plaintiff was wrongfully incarcerated for 3-1/2 months.

16. By reason of the above-described acts and omissions of the defendant police officers, plaintiff sustained injuries, humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to his damage.

17. The aforementioned acts of the defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiff's rights and justify the awarding of exemplary and punitive damages.

18. Because of the above-described acts and omissions of the individual defendants, plaintiff was required to retain an attorney to institute, prosecute, and render

legal assistance to him in the within action, so that he might vindicate the loss and impairment of his rights. By reason thereof, plaintiff requests payment by the individual defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other provision set by law.

### COUNT I
### Plaintiff Against Defendants DARKO and FAHEY for Illegal Stop

19. Plaintiff, DARRELL CREASY, incorporates and realleges paragraphs 1 – 18, as though set forth herein in their entirety.

20. The two stops of plaintiff by defendants LAWRENCE DARKO and PATRICK FAHEY, JR. were without reasonable suspicion that plaintiff was involved in any criminal activity and without any other legal cause.

21. By reason of the conduct of defendants, plaintiff, DARRELL CREASY, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants LAWRENCE DARKO and PATRICK FAHEY, JR., and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

### COUNT II
### Plaintiff Against Defendants DARKO and FAHEY for Illegal Search

22. Plaintiff, DARRELL CREASY, incorporates and realleges paragraphs 1 – 18, as though set forth herein in their entirety.

23. The search of plaintiff's person was without probable cause, or even reasonable suspicion, to believe that plaintiff was involved in any criminal activity and was unreasonable.

24. By reason of the conduct of defendants, plaintiff, DARRELL CREASY, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants LAWRENCE DARKO and PATRICK FAHEY, JR., and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

### COUNT III
**Plaintiff Against All Individual Defendants for False Arrest**

25. Plaintiff, DARRELL CREASY, incorporates and realleges paragraphs 1 – 18, as though set forth herein in their entirety.

26. The arrest and incarceration of plaintiff by defendants LAWRENCE DARKO, PATRICK FAHEY, JR., ANTHONY D. LEWIS, LOUIS K. SZUBERT, CRAIG C. BROWNFIELD, JOHN CRUZ, and RICHARD J. HANRAHAN for the purpose of charging him with false crimes were without probable cause and unreasonable.

27. By reason of the conduct of the individual defendants, plaintiff, DARRELL CREASY, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants LAWRENCE DARKO, PATRICK FAHEY, JR., ANTHONY D. LEWIS, LOUIS K. SZUBERT, CRAIG C. BROWNFIELD, JOHN CRUZ, and RICHARD J. HANRAHAN , and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

### COUNT IV
**Plaintiff Against All Individual Defendants for Due Process Violations**

28. Plaintiff, DARRELL CREASY, incorporates and realleges paragraphs 1 – 18, as though set forth herein in their entirety.

29. Defendants LAWRENCE DARKO, PATRICK FAHEY, JR., ANTHONY D. LEWIS, LOUIS K. SZUBERT, CRAIG C. BROWNFIELD, JOHN CRUZ, and RICHARD J. HANRAHAN deprived plaintiff of fair criminal proceedings by engaging in multiple acts which include, but are not limited to, not disclosing known exculpatory evidence, submitting false charges as contained in the criminal complaints, submitting false police reports, swearing to false statements, and otherwise acting to influence and persuade the State's Attorney to prosecute plaintiff and to deny plaintiff fair legal proceedings.

30. These acts were directed toward plaintiff, were intentional and material, and therefore were in violation of plaintiff's due process rights.

31. By reason of the conduct of the individual defendants, plaintiff, DARRELL CREASY, was deprived of rights, privileges, and immunities secured to him by the due process clause of the Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants LAWRENCE DARKO, PATRICK FAHEY, JR., ANTHONY D. LEWIS, LOUIS K. SZUBERT, CRAIG C. BROWNFIELD, JOHN CRUZ, and RICHARD J. HANRAHAN, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT V
**Plaintiff Against All Individual Defendants and CITY OF CHICAGO for the State Supplemental Claim of Malicious Prosecution**

32. Plaintiff, DARRELL CREASY, incorporates and realleges paragraphs 1 – 18, as though set forth herein in their entirety.

33. Defendants maliciously caused criminal charges including felony drug charges to be filed and prosecuted against plaintiff. There was no probable cause for the institution of any

criminal charge against plaintiff. The criminal proceedings were commenced and continued maliciously.

34. Defendants LAWRENCE DARKO, PATRICK FAHEY, JR., ANTHONY D. LEWIS, LOUIS K. SZUBERT, CRAIG C. BROWNFIELD, JOHN CRUZ, and RICHARD J. HANRAHAN facilitated this malicious prosecution by falsifying evidence, creating false police reports, falsifying written criminal charges, and giving false information under oath.

35. Plaintiff was wrongfully incarcerated for 3-1/2 months as a direct result of the prosecution of the criminal charges.

36. Plaintiff retained the services of a private criminal attorney to represent him in his defense, thus incurring legal fees.

37. Plaintiff was injured emotionally and otherwise from the loss of certain liberty and related rights.

38. The criminal proceedings were terminated in plaintiff's favor.

39. Defendants, and each of them, is liable to plaintiff under Illinois law for the state supplemental claim of malicious prosecution.

40. Defendant CITY OF CHICAGO is liable pursuant to the doctrine of *respondeat superior*.

WHEREFORE, plaintiff, DARRELL CREASY, by and through his attorney, Irene K. Dymkar, requests judgment as follows against the defendants on each and every claim:

> A. That defendants be required to pay plaintiff general damages, including emotional distress, in a sum to be ascertained at a trial of this matter,
>
> B. That defendants be required to pay plaintiff special damages,

      C.      That defendants, except CITY OF CHICAGO, be required to pay plaintiff attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision,

      D.      That defendants, except CITY OF CHICAGO, be required to pay plaintiff exemplary and punitive damages in a sum to be ascertained at a trial of this matter,

      E.      That defendants be required to pay plaintiff costs of the suit herein incurred, and

      F.      That plaintiff be granted such other and further relief as this Court may deem just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY.**

Dated: February 24, 2009                                               /s Irene K. Dymkar
                                                                            Irene K. Dymkar

Irene K. Dymkar
Attorney for Plaintiff
300 W. Adams Street, Suite 330
Chicago, IL 60606-5107
(312) 345-0123

## CERTIFICATE OF SERVICE

      I, Irene K. Dymkar, an attorney, certify that on the 24th day of February, 2009, a copy of **PLAINTIFF'S FIRST AMENDED COMPLAINT** was served upon the attorney for defendants named below through the Court's electronic filing system:

                        Jonathan Clark Green
                        City of Chicago, Department of Law
                        30 North LaSalle Street, Suite 1400
                        Chicago, IL 60602

Dated: February 24, 2009                                               /s Irene K. Dymkar
                                                                             Irene K. Dymkar